UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ESTATE OF ROLAND E. ROHM, by its
personal representative Geraldine Livermore,

    Plaintiff,

v.

DANIEL LUBELAN, and JERRY
ELLSWORTH, jointly and severally,

    Defendants.
_____/

Case No. 1:04-CV-552

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendants Daniel Lubelan and Jerry Ellsworth's Motion for Summary Judgment. Oral argument is unnecessary.

    This is a federal civil rights action under 42 U.S.C. § 1983 and state tort law challenging two Michigan State Police officers' use of deadly force during a police standoff. Defendant Lubelan was the police sniper who shot and killed Plaintiff's decedent, Roland Rohm, on September 4, 2001. Defendant Ellsworth was the commanding police officer supervising Lubelan that day.

    Under Federal Rule of Civil Procedure 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255), and the record is to be interpreted in a light most favorable to the non-

movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Applying these standards, summary judgment must be denied due to genuine issues of material fact. While Defendant Lubelan has testified that he shot the decedent in the back when the decedent was swinging his rifle toward the approaching armored vehicle, his testimony is contradicted by the autopsy (which showed that the bullet entered through the decedent's chest).[1] (Pl.'s Resp., Ex. 20.) Lubelan's contention that the decedent was aiming toward the armored vehicle is contradicted by the affidavit of Plaintiff's ballistics expert John Thornton–which concluded, based on all ballistics calculations–that the angle of the entry wound indicated the decedent was not facing the direction of the armored vehicle at the time he was shot. (Thornton Aff. ¶¶ 11-13.) Lubelan's testimony that the decedent was aiming his rifle with his left-hand is similarly contradicted by his step-father and fellow hunter who has sworn that the decedent was not a left-handed shooter. (John Livermore Aff. ¶¶ 3-5.) Lubelan's premise that the shooting was necessary to protect two officers (Steve Homrich and Dave Bower) whose upper torsos were exposed as they were traveling in their armored vehicle is contradicted by those officers' past statements (given to investigators) that their vehicle was repositioning, in a covered location while they were inside the vehicle, at the time the shots were fired.[2] (Pl.'s Resp., Ex. 10 at 3-4.) Likewise, Lubelan admitted in deposition testimony

---

[1]There is no suggestion in the record that any one else was endangered by the decedent.

[2]The officers stated that they could not hear the shots, but learned of them by radio while they were repositioning the vehicle. While this does not necessarily mean that the officers were protected at the time of the shooting (*i.e.,* the radio transmission may have been delayed), the evidence must be interpreted in favor of Plaintiff (that the transmission was near simultaneous). Given the possible contradictions, a jury would be permitted to completely reject Lubelan's testimony that the use of deadly force was justified. *See* Eighth Circuit Manual of Model Jury Instructions–Civil § 3.03 (West 2005) (jury may "believe all of what a witness said, part of it, or none at all . . ."); Sixth Circuit Pattern Jury Instructions–Criminal § 1.07 (West 2005) (same).

that he did not see officers in the armored vehicle exposed when he fired. (Lubelan Dep. 79.) Plaintiff's law enforcement practices expert, D.P. Van Blaricom, has also provided reliable opinion evidence that the police practices used and ordered by Jerry Ellsworth were reckless and contributed to the use of excessive force. (Blaricom Aff. ¶¶ 3-5.) His conclusions include that the fatal incident was triggered by the unjustified and reckless decision to rush the suspect, without warning, at a time when he was trapped and did not pose any imminent threat. (*Id.*)   Although this record could be interpreted otherwise, the interpretation required by Rule 56 establishes that there are genuine issues of material fact requiring the denial of summary judgment as to whether Defendants recklessly used excessive force in violation of federal and state law. The standards for the use of deadly force were clearly established by the United States Supreme Court in *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) (holding that lethal force may be used to prevent escape if suspect threatens officers with a weapon or has committed a crime of violence, if feasible warnings are given, but not otherwise) and *Graham v. Connor*, 471 U.S. 1, 11 (1989) (establishing "reasonableness" standard). *See also Sample v. Bailey*, 409 F.3d 689, 696-98 (6th Cir. 2005) (denying qualified immunity as to use of lethal force since legal framework was "clearly established" in *Garner*); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) (same). Given the genuine issues of material fact, qualified immunity is inappropriate. *Dickerson v. McClellan*, 101 F.3d 1151, 1156 (6th Cir. 1996).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Daniel Lubelan and Jerry Ellsworth's Motion for Summary Judgment (Dkt. No. 61) is **DENIED**.

Dated in Kalamazoo, MI:                                             /s/Richard Alan Enslen
February 17, 2006                                                      Richard Alan Enslen
                                                                                 Senior United States District Judge